IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NORBERTO MONTESINO et al.,

    Plaintiffs,

    v.                                    CIVIL NO. 98-1495 (RLA)

INSTITUTO MEDICO DEL NORTE,
d/b/a HOSPITAL WILMA N. VAZQUEZ,

    Defendant.

## MINUTES AND ORDER OF STATUS/SETTLEMENT CONFERENCE HELD ON SEPTEMBER 8, 1999

The parties appeared before the undersigned in chambers for a Status/Settlement Conference on September 8, 1999, from 4:00 p.m. to 5:05 p.m.

PEDRO AGUIRRE DE JESUS, ESQ., represented plaintiffs. Defendant INSTITUTO MEDICO DEL NORTE and AIICO were represented by MIRTA RODRIGUEZ ESQ. and JOSE R. ORTIZ VELEZ, ESQ. appeared on behalf of INSTITUTO MEDICO DEL NORTE's excess insurance carrier.

### Amendment to the Complaint

The Court queried counsel AGUIRRE as to plaintiffs' intention to amend the complaint from one of "malpractice" to one of "negligence". See Motion Amending Complaint, **docket No. 26**, filed on August 30, 1999. Counsel justified plaintiffs' request by explaining that the attending physician at the Emergency Room of the Wilma N. Vázquez Hospital had been negligent by omission because he had failed to discover the knee fracture on the night of the

AO 72
(Rev 8/82)

accident. After due consideration, plaintiffs' Motion Amending Complaint (**docket No. 26**) is **DENIED**. Not only did the motion fail to comply with the procedural requisites of Rule 15 Fed. R. Civ. P., but the proposed amendment would be nugatory. Furthermore, plaintiffs failed to provide any justification for their belated attempt to amend their pleading on the eve of trial.

### Summary Judgment and Settlement

The Court also engaged the parties in individual settlement discussions. Counsel for defendants were adamant about their refusal to settle, arguing that plaintiffs' own medical expert, DR. CULVERWELL, had categorically stated in a letter dated May 19, 1999 to plaintiffs' counsel that "[the] delay in the diagnosis did not affect the outcome and therefore really does not represent malpractice."

Defendants argued that the imposition of Rule 11 sanctions was warranted inasmuch as they were not privy to this letter until the physician's deposition was taken in June. Counsel indicated that their clients had incurred in unnecessary expenses upwards of five thousand dollars ($5,000.00) in having two attorneys travel to New York in June to depose DR. CULVERWELL and three (3) other plaintiffs' witnesses while all along counsel for the plaintiffs had in his possession DR. CULVERWELL's letter.

Rather than paying any settlement amount, counsel for defendants offered to waive costs, expenses, attorney's fees and

CIVIL NO. 98-1495 (RLA)                                          Page 3

---

Rule 11 relief in the event of dismissal of plaintiffs' claims.

After a lengthy discussion with counsel the Court determined that based on the opinion of plaintiffs' own expert, plaintiffs had no viable claim. Accordingly, defendants' summary judgment motion, notified in accordance with the undersigned's Standing Order and which stands unopposed, was **GRANTED**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 9th day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge